IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Brief November 1, 2002

## STATE OF TENNESSEE EX REL. STACY RAE ANDERSON
v.
## STEPHEN LYLE TAYLOR

**Appeal from the Juvenile Court for Davidson County**
**No. 98-06988     Betty Adams Green, Judge**

———————————

**No. M2001-02193-COA-R3-CV - Filed June 27, 2003**

———————————

This case involves retroactive child support payments. The child was born in 1990. A petition to establish paternity was filed in 1998. The father's paternity was established and the juvenile court referee entered a parentage order and set child support. The mother amended her petition to seek child support retroactive to the date of birth. The juvenile court referee awarded retroactive child support, but awarded only a portion of it to the mother, with the remainder to be placed in an educational trust fund for the benefit of the child. The juvenile court affirmed the decision of the juvenile court referee. The mother appeals. We affirm in part and reverse in part, finding no basis for the order that a portion of the retroactive support be paid into a trust fund.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in Part,
Reversed in Part and Modified**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Paul G. Summers, Attorney General and Reporter and Stuart F. Wilson-Patton, Senior Counsel, for the appellant, State of Tennessee ex rel. Stacy Rae Anderson.

Stephen Lyle Taylor, appellee, Pro Se.

## OPINION

Petitioner/Appellant Stacy Rae Anderson ("Mother") gave birth to a daughter, M.R.A. ("M.R.A.")[1] on June 29, 1990. Mother received public assistance on M.R.A.'s behalf from June 1993 to November 1993. On June 24, 1998, Mother filed a petition to establish paternity against Respondent/Appellee Stephen Lyle Taylor ("Father"). Father's paternity was established.[2] In October 1998, the Juvenile Court Referee ("Referee") issued a parentage order and set child support.

Mother then moved to amend her petition to include a request for child support retroactive to the date of birth. Prior to a hearing on the issue, Father impleaded the State of Tennessee ("State"), based on the State's efforts to obtain reimbursement from him for the public assistance paid to Mother for M.R.A. Father's motion was granted.

On May 10, 2000 a hearing was held before the Juvenile Court Referee. At the hearing, Father admitted that he had had sexual relations with Mother and that he knew that Mother subsequently gave birth to a child. He provided the Referee with his income information from 1990 to 1998. Mother testified that she told Father that she was pregnant and that he was the father of the child. No evidence was presented regarding Mother's income or the cost of M.R.A.'s birth or upbringing.

The Referee entered his order on January 3, 2001. The Referee found that it would not be unjust for Father to pay child support retroactive to the time of M.R.A.'s birth. This amount was calculated to be $33,327. The Referee found, however, that it would be unjust or inappropriate to award Mother the entire amount:

> Based on the proof presented to the Court it is more likely than not that [Father] was put on notice, since birth, that he was [M.R.A.'s] father. Therefore, there is no reason that the application of the guidelines retroactive to birth would be unjust or inappropriate. However, it would be unjust and inappropriate to award the entire amount to [Mother]. She did not pursue [Father] nor request support from him prior to the filing of the petition. Additionally, there is no proof that she spent additional amounts she would have received in support had she pursued this matter. Basically, [M.R.A.] went without those things [M.R.A.] could have had if [Mother] pursued this matter earlier. [Mother's] choice not to pursue [Father] does not relieve him of his obligation to provide support to [M.R.A.]. [Father] knew of his responsibility since birth and did not fulfill it. [Father] could have voluntarily provided support without being asked to do so.

---

[1] For reasons not apparent in the record, portions of the record are sealed. Consequently, in this Opinion, we will use the daughter's initials instead of her full name.

[2] The genetic paternity testing results showed a 99.93% probability that Father was M.R.A.'s father.

In order to balance the equities it is fair to require [Father] to reimburse [Mother] a reasonable portion of the actual expenses she incurred in raising [M.R.A.]. Although the Court has no direct proof as to the actual monthly amounts [Mother] expended on [M.R.A.] nor does the Court have proof of her income so as to determine a proper pro-rata share of said expenses, the Court finds according to the testimony presented on [Mother's] income and lifestyle for the years from birth until the filing of the Petition that $175.00 per month is a reasonable amount of support to award the [Mother] for expenses she actually incurred for the child. . . . [The Mother is thus awarded a] total retroactive judgement [sic] of $18,135.00.

. . . .

With respect to the remaining retroactive support of $15,192.00 the Court finds that it would be in the best interest of [M.R.A.] to place in trust for future educational use for the child. The Court cannot give [M.R.A.] those extra things she would have had if [Father] had been providing adequate support since birth but, the Court can allot those monies for such extras for future use for [M.R.A.'s] benefit. . . .

Thus, based on his conclusion that Father should be required to pay the retroactive child support but Mother should not receive all of it, the Referee ordered Father to pay Mother approximately fifty-four percent of the retroactive child support to Mother, and ordered that the remaining forty-six percent be placed in an educational trust fund for M.R.A.'s benefit. Father appealed this judgment to the Juvenile Court. The State also moved to set for rehearing on the issue of "whether the Court can order funds for back support to be paid into an educational trust fund."

On May 3, 2001, the Juvenile Court held a hearing on the Referee's order. Mother and Father both testified. Again, Father testified as to his income beginning in 1990. Mother testified that she worked to support M.R.A. No evidence was presented regarding the cost Mother incurred in providing for M.R.A.

The State argued that the Referee erred in allocating a portion of the retroactive child support to Mother and a portion to a trust fund. The State contended that the Referee's determination of $175 per month reimbursement to Mother was arbitrary in that there was no evidence to support the finding that it was a reasonable amount to spend for M.R.A.'s care. The State also asserted that the Tennessee Child Support Guidelines do not provide for the payment of retroactive child support into an educational trust fund.

The Juvenile Court affirmed the order of the Referee. The Juvenile Court stated in part:

From the proof presented to the Court it appears clear that [Father] was aware that the [Mother] had a child and that he was the father. [Father] acknowledged that there were on-going rumors that [M.R.A.] was his child; that he called twice and asked [Mother] if [M.R.A.] was his; he was present when his fiancee called [Mother].

[Mother] testified that she told [Father] "face to face" that he was the father and that his response was that "his father would be upset" and that he "would have to sell his truck." Additionally, she testified that she told [Father's] mother that he was the father of the child.

On the other hand, [Mother] acknowledges that she knew where [Father] lived, and went to church with his mother. Yet on two applications for assistance she stated that the father of the child was unknown. [Mother] bears some responsibility for the period prior to the filing of the petition for parentage. As [the Juvenile Court Referee] stated in his order, "basically, the child went without those things the child could have had if [Mother] pursued this matter earlier." Of course, [Mother's] decision not to pursue [Father] does not relieve him of his obligation to support [M.R.A.]. This Court believes the proof shows that [Father] knew of his responsibility but simply ignored it. It would not have been necessary to have an order of support—he could voluntarily have provided said support.

It is only fair that [Father] reimburse [Mother] for a reasonable portion of the expenses incurred in raising the child. Her testimony was that she finished high school and attended college while she and the child lived in her mother's home. She moved from there when the child was approximately 5 years old. She then supported both herself and [M.R.A.]. This Court affirms the Referee's finding that $175.00 per month is a reasonable amount of support to award [Mother] for expenses she actually incurred for the child. . . .

. . . .

With respect to the remaining retroactive support of $15,192.00 the Court affirms the decision of the Referee that the best interest of [M.R.A.] would be served by placing these monies in trust for future educational use by [M.R.A.]. While this Court cannot give [M.R.A.] those extra things she missed during the years her father was not paying support, the Court can allocate these funds for such extras for future use for [M.R.A.'s] benefit.

Thus, the Referee's decision was affirmed. The Juvenile Court ordered that a portion of the retroactive child support be paid to Mother, with the remainder going into an educational trust fund for M.R.A. From this order, the State appeals.

Because this case was heard by the trial court sitting without a jury, this Court will review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court, unless the evidence preponderates against the decision of the trial court. *See* Tenn. R. App. P. 13(d); ***Wright v. City of Knoxville***, 898 S.W.2d 177, 181 (Tenn. 1995). Questions of law,

however, are reviewed *de novo* with no presumption of correctness. **Burlew v. Burlew**, 40 S.W.3d 465, 470 (Tenn. 2001) (citation omitted).[3]

The State asserts that the Juvenile Court improperly divided the retroactive child support because there is no provision in the Tennessee Code Annotated or the Tennessee Child Support Guidelines ("Guidelines") for such an allocation. It notes that the Guidelines provide only for the creation of an educational trust fund when the obligor's income is in excess of $10,000 per month, which clearly is not the case here. The State further argues that, even if the funds were divisible, the Juvenile Court could not consider Mother's income because it failed to apply the rebuttable presumption set forth in the Guidelines requiring Father to show that Mother expended less on the child than contemplated by the Guidelines. It points out that the Juvenile Court did not make the specific findings of fact required to deviate from the Guidelines. Finally, the State asserts that the Juvenile Court unlawfully divided the funds between Mother and the educational trust fund as a means to punish Mother for failing to seek child support in a more timely manner.

In determining child support, the trial court is to apply the Child Support Guidelines as set forth in the Rules and Regulations of the Department of Human Services. Tenn. Code Ann. § 36-5-101(e) (2001); Tenn. Comp. R. & Regs. 1240-2-4 (1997). The Guidelines are to be applied as a rebuttable presumption; thus, the Guidelines set forth the presumptively correct amount of child support to be awarded. Tenn. Code Ann. § 36-5-101(e)(1)(A) and (e)(2).[4] This standard applies to retroactive child support as well. Tenn. Comp. R. & Regs. 1240-2-4-.01(2) ("The rebuttable presumption must be applied to all child support awards even if the order is being sought for a retroactive period before October 13, 1989."); *see also* Tenn. Code. Ann. § 36-2-311(a)(11) (2001); **State ex rel. Stewart v. Lockett**, No. M2001-00809-COA-R3-CV, 2002 Tenn. App. LEXIS 66, at *7-8 (Tenn. Ct. App. Jan. 30, 2002); **State ex rel. Vaughn v. Kaatrude**, 21 S.W.3d 244, 249 (Tenn. Ct. App. 2000). Under certain circumstances, the trial court, in its discretion, may deviate from the Guidelines in an award of retroactive child support. Tenn. Code Ann. § 36-2-311(a)(11); **State ex rel. Stewart v. Lockett**, 2002 Tenn. App. LEXIS 66, at *8. This discretion must be exercised within

---

[3] Father did not file an appellate brief in this matter. This Court issued a show cause order to Father, to which he failed to respond. Thus, the case was submitted to this Court for decision based on the State's brief and the record. Tenn. R. App. P. 29(c).

[4] Section 36-5-101(e) provides in part:

(e)(1)(A) In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection.
. . . .

(e)(2) Beginning October 13, 1989, the child support guidelines promulgated by the department pursuant to the rulemaking provisions of the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, shall be the guidelines that courts shall apply as a rebuttable presumption in child support cases.

Tenn. Code Ann. § 36-5-101(e)(1)(A) and (e)(2) (2001).

the confines of the Tennessee Child Support Guidelines. ***Berryhill v. Rhodes***, 21 S.W.3d 188, 193 (Tenn. 2000); ***Smith v. Smith***, No. 2000-02186-COA-R3-CV, 2001 Tenn. App. LEXIS 673, at \*34 (Tenn. Ct. App. Sept. 11, 2001). If the trial court deviates from the Guidelines, it must make a "written finding that application and guidelines [sic] would be unjust or inappropriate in order to provide for the best interest of the child or the equity between the parties." Tenn. Code Ann. § 36-2-311(a)(11) (2001); ***State ex rel. Stewart v. Lockett***, 2002 Tenn. App. LEXIS 66, at \*7. Hence, in reviewing an award of retroactive child support, this Court applies the deferential "abuse of discretion" standard, while keeping the applicable statutes and regulations in mind. An abuse of discretion occurs when the trial court deviates from the statutes or guidelines without an adequate evidentiary foundation. ***State ex rel. Stewart v. Lockett***, 2002 Tenn. App. LEXIS 66, at \*9; ***see also State ex rel. Vaughn v. Kaatrude***, 21 S.W.3d at 248.

Retroactive child support was recently addressed by the Tennessee Supreme Court in ***Berryhill v. Rhodes***, 21 S.W.3d 188 (Tenn. 2000):

> The legislature has provided for retroactive awards by statute and by the incorporation of the Child Support Guidelines promulgated by the Tennessee Department of Human Services, Child Support Services Division. Retroactive child support is available whether the child is a minor or whether the child has reached the age of majority and brings the claim within time permitted by the statute. Tenn. Code Ann. § 36-2-103(b)(1) (repealed in 1997; corresponding section at Tenn. Code Ann. § 36-2-306). Furthermore, courts are required to apply the Child Support Guidelines as a rebuttable presumption in determining support, and the 1994 guidelines explicitly provide "that the rebuttable presumption must be applied to all child support awards even if the order is being sought for a retroactive period before October 13, 1989." Tenn. Comp. R. & Regs. ch. 1240-2-4-.01(2) (emphasis added). This Court has held that the guidelines "carry what amounts to a legislative mandate." ***Nash v. Mulle***, 846 S.W.2d 803, 804 (Tenn. 1993). Accordingly, the mere action of seeking an award of retroactive child support within the time frame permitted by statute cannot render a request for child support either "unjust" or "inappropriate."

***Berryhill v. Rhodes***, 21 S.W.3d at 192. Thus, the rebuttable presumption that the amount of child support set forth in the Guidelines clearly is to be applied to a petition for retroactive support. In addition, the mere act of seeking an award of retroactive support, in and of itself, does not render the request unjust or inappropriate so long as the party requesting the support files within the applicable time period.

This Court recently addressed the division of retroactive child support payments in a case with facts similar to the case at bar. In ***State ex rel. Stewart v. Lockett***, No. M2001-00809-COA-R3-CV, 2002 Tenn. App. LEXIS 66 (Tenn. Ct. App. Jan. 30, 2002), the mother sought child support from the father after the child turned ten years old. ***Id.*** at \*2. The trial court in ***Stewart*** found that $30,702 was the appropriate amount of retroactive child support to award. ***Id.*** at \*4. The trial judge,

however, found that the proof did not show that the mother expended a similar amount on raising the child, and concluded that granting the entire award to the mother would result in a windfall to her. *Id.* at *8-9. The trial court ordered that the mother should be reimbursed retroactively at a rate of $125 per month, for a total of $16,625, and that the remainder should be placed in an educational trust fund for the child. *Id.* The State appealed. *Id.* at *5 On appeal, the *Stewart* court noted that the trial court deviated from the statutory requirement that child support be directed to the person with custody of the child. *Id.* at *8; *see* Tenn. Code Ann. § 36-5-101(a)(4)(A) (2001).[5] The appellate court vacated the trial court's order stating:

> In this case . . . there was absolutely no evidence presented as to how much Ms. Stewart spent on her child from her own resources, or whether the youngster was deprived of any of the material necessities that accompany a normal childhood. The referee purportedly based his findings on the undisputed fact that Ms. Stewart received financial assistance from her mother for four years, and AFDC assistance for three years. But there was no testimony as to the amount of assistance she received from either source.
>
> There was thus no basis in the record for a determination that she was entitled to be reimbursed no more than $16,625. . . .

*Id.* at *9-10. Thus, the Court of Appeals ordered that the entire retroactive award be paid to the mother. *Id.* at *10.

In this case, the Juvenile Court Referee concluded that it would be unjust for Mother to receive the full amount of the retroactive award of child support,[6] based solely on the fact that Mother waited a number of years to file her petition. As noted in *Berryhill*, this is insufficient. *Berryhill v. Rhodes*, 21 S.W.3d 188, 192 (Tenn. 2000). There was no finding as to Mother's income and no finding as to the amounts expended by Mother in raising M.R.A.; indeed, there was no evidence on which such a finding could have been made. We need not address the issue of whether the Juvenile Court may allocate a portion of a retroactive award of child support to a trust fund.[7] Here, as in *Stewart*, there is no evidentiary basis for the Juvenile Court to have deviated from the Guidelines. Under these circumstances, the Juvenile Court's order was an abuse of discretion.

---

[5]Section 36-5-101(a)(4)(A) provides: "The order or decree of the court may provide that the payments for the support of such child or children or spouse shall be paid either to the clerk of the court or directly to the spouse, or other person awarded the custody of the child or children; . . ." Tenn. Code Ann. § 36-5-101(a)(4)(A) (2001).

[6]The Juvenile Court noted that Mother and M.R.A. lived in her mother's home while Mother finished high school and attended college, observing that the child "went without" because Mother did not file her petition against Father sooner. The record simply does not bear out this assertion. Indeed, it could just as easily be concluded that Mother, or indeed M.R.A.'s grandmother, "went without" because of Father's failure to pay child support sooner.

[7]In limited circumstances, an award of retroactive child support may be paid in part to the obligee parent and in part to the child. *State ex rel. Stewart v. Lockett*, 2002 Tenn. App. LEXIS 66, at *9 (citing *State ex rel. Grant v. Prograis*, 979 S.W.2d 594, 601 (Tenn. Ct. App. 1997); *Tallent v. Cates*, 45 S.W.3d 556, 559 (Tenn. Ct. App. 2000)).

Accordingly, the order of the Juvenile Court is reversed in part and modified to vacate the requirement that a portion of the child support is to be paid into a trust fund. The full amount of the retroactive award of child support shall be paid to Mother. The remainder of the trial court's decision is affirmed.

The decision of the trial court is affirmed in part and reversed in part and modified, and the cause is remanded for any further proceedings consistent with this Opinion. Costs are taxed to the State of Tennessee.

_____
HOLLY M. KIRBY, JUDGE